CHRISTIAN BOSSLER and JOHN HOSTETTER, executors of PETER BACHMAN, deceased, *against* JACOB JOHNS.

### IN ERROR.

A judgment on a scire facias to substitute parties, is merely interlocutory and there- fore not ground for a writ of error.

Where parties have been erroneously substituted on a scire facias, they will have remedy whenever it is ascertained by a *definitive* judgment, that they have re- ceived injury.

ERROR to the District Court of the City and County of *Lan- caster.*

Two writs of scire facias had issued in that court by the defen- dant in error, against the present plaintiffs in error, to make them parties to two suits, entered to *June Term*, 1823, No. 361 & 362. On the 16th *June*, 1824, judgment was rendered in each case, that the defendants be made parties to the original suit.

*J. & W. Hopkins* for defendant in error,

Now moved to quash the writs of error, because they had is- sued prematurely; there being no final judgment as yet rendered.

*Jenkins & Champneys*, contra, said,

That the original judgments to *June Term*, 1823, No. 361 and 362, were rendered against *David Rinehart, George Rickel*, and

(Bossler and Hostetter *v.* Johns.)

*Peter Bachman,* executors of *Gerhart Bubach,* deceased. The writs of scire facias had issued to make the executors of *Peter Bachman* deceased, parties to the original suit, when *George Rickel* and *David Rinehart,* survived: and they said, that at the proper time, they should contend, that the writs of scire facias and judgment thereon against the executors of the deceased executor, where there were two surviving executors, were entirely erroneous for the reasons particularly specified in the errors filed. The writs of error had been taken in those causes *ex majore cautela;* and to avoid the possibility of being precluded from a bearing upon the important questions connected with them. If the court, however, should be of opinion, that upon the rendition of a final judgment, the whole matter can be then reviewed and that these writs have issued prematurely, it would equally answer their purpose, as their only object was, to obtain the protection of this court against manifest errors, as they believed, upon the record.

PER. CURIAM.—A judgment on a scire facias to substitute parties, is merely interlocutory, and therefore not ground for a writ of error. If parties have been erroneously substituted here, they will have remedy whenever it is ascertained by a definitive judgment, that they have received injury: till then an application to this court, must be premature.

Writ of error quashed.